## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY LUMIA, individually and on behalf of other similarly situated individuals <br>                               **Plaintiffs** <br><br> - against - <br><br> THE HANOVER INSURANCE GROUP, INC., <br>                               **Defendant.** | CIVIL ACTION NO.: <br><br><br><br><br><br><br><br><br><br> July 18, 2007 |

## COMPLAINT

### INTRODUCTION

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of Defendant's failure to pay overtime compensation to Plaintiff and all other similarly situated individuals, violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-58 *et seq.*

### PARTIES

2. Plaintiff Jeffrey Lumia ("Lumia") is an individual presently residing in Wolcott, Connecticut.

3. Defendant, The Hanover Insurance Group, Inc., is a corporation which is duly licensed to transact business within the State of Connecticut. Defendant is and has been in the business of insuring automobiles and drivers throughout the United States. Defendant transacts business in multiple states, including Connecticut. Defendant is an employer as

defined under the FLSA and CMWA and is engaged in interstate commerce as defined under the FLSA.

## JURISDICTION

4. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.

5. This Court has jurisdiction over Lumia's state law claim pursuant to 28 U.S.C. § 1367(a) under the doctrine of supplemental jurisdiction.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendant may be found in this district and the challenged conduct occurred in this state.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS.

7. Lumia brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of the Defendant as described herein.

8. In addition, and in the alternative, Lumia bring this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

9. The class is defined as follows:

> All current and former employees of Defendant who were employed as Auto Material Damage Field Appraisers, who worked at least one hour of overtime, and who were designated by Defendant as exempt employees under the FLSA and did not receive overtime compensation for their overtime work.

10. Lumia reserves the right to amend said class definition consistent with information obtained through discovery.

11. Lumia sues on behalf of himself and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Lumia and the putative class are similarly situated.

## FACTUAL ALLEGATIONS

12. At all relevant times, Lumia and/or other similarly situated individuals (collectively, "Appraisers") has been employed by Defendant as a Auto Material Damage Field Appraiser, in Defendant's Glastonbury, Connecticut Regional Office.

13. In that capacity, Appraisers' primary duties are to inspect damaged automobiles, determine what parts could be replaced or repaired, estimate the cost of repairs using company provided materials and reach an agreed upon price with a repair shop to perform the repair work.

14. During various times between July 17, 2004 and the present, Defendant, pursuant to a common policy and/or practice, designated all Appraisers as "exempt," and thus not entitled to overtime compensation, when he and/or they should have been designated as "non-exempt," and entitled to overtime compensation.

15. During these times, Defendant was fully aware of the exact duties and responsibilities assigned to all Appraisers and knew or should have known that they were therefore illegally designated as exempt.

16. During these times, Defendant was also fully aware that the United States Department of Labor and various courts had determined that persons whose primary duties were the appraisal of automobiles were non-exempt employees and thus entitled to overtime compensation.

3

17. Despite this knowledge Defendant willfully failed and refused to correct its illegal exempt classification of these employees and instead continued to deny all Appraisers overtime compensation.

18. During this period, all Appraisers frequently worked more than 40 hours each week, but, despite their non-exempt job duties, they were never paid wages for hours actually worked in excess of 40 hours per week.

**COUNT ONE**     **INDIVIDUAL CLAIM FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

19. Based on the foregoing, Defendant's conduct in this regard was a violation of the FLSA and entitles Lumia to compensation for all overtime hours worked, liquidated damages, attorneys's fees and court costs.

**COUNT TWO**     **COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY SITUATED EMPLOYEES, CURRENT OR FORMER**

20. Based on the foregoing, Defendant's conduct in this regard was a violation of the FLSA and entitles all Appraisers to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

**COUNT THREE**     **INDIVIDUAL CLAIM FOR VIOLATION OF THE CMWA**

21. Based upon the foregoing, Defendant's conduct in this regard was a violation of the CMWA, and entitles Lumia to compensation for all overtime hours worked, interest and court costs.

22. Defendant's conduct in failing to pay Lumia his earned overtime compensation was unreasonable, arbitrary and/or in bad faith, in that it knew or should have known that Lumia was entitled to be paid for his overtime but failed to do so. Accordingly, Lumia is

entitled to compensation for all overtime hours worked, liquidated damages, attorneys fees, and court costs.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff(s) claim:

1. Unpaid Overtime Wages under the FLSA and CMWA;

2. Liquidated Damages under the FLSA and CMWA;

3. Interest and costs;

4. Attorneys' fees under the FLSA and CMWA;

5. An order enjoining Defendant from continuing its illegal practices in violation of the FMLA and CMWA as to current and future class employees;

6. Such other and further relief the Court deems just and equitable.


        Plaintiff, Jeffrey Lumia and other similarly situated individuals

By: _____
Anthony J. Pantuso, III
The Pantuso Law Firm, LLC
204 Broad Street, Suite 400
Milford, CT 06460
Fed No.: ct11638
(203) 876-0000
(203) 877-1839 (facsimile)
apantuso@pantusolaw.com
Attorneys for the Plaintiff