UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFERY LUMIA and JOSEPH TORINO, Individually and on behalf of all similarly situated individuals,<br>　　Plaintiffs,<br>V.<br><br>THE HANOVER INSURANCE GROUP, INC.,<br>　　Defendant. | CIVIL ACTION NO.<br>3:07 CV 1094 (AHN)<br><br><br>December 22, 2008 |

## JOINT MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT AND APPROVAL OF PROPOSED NOTICE TO CLASS MEMBERS

This action is brought by Plaintiffs Jeffrey Lumia and Joseph Torino ("Plaintiffs"), on their own behalf and on behalf of all similarly situated individuals, as an "opt-in" collective action which asserts violations of the Connecticut Minimum Wage Act and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against Defendant The Hanover Insurance Group, Inc. ("Hanover").

Plaintiffs and Hanover hereby jointly request that the Court grant approval of the Stipulation of Settlement agreed to by Plaintiffs and Hanover (collectively "the parties"). The parties further request that the Court approve the proposed Notice to Class Members, upon which they have jointly agreed, that Plaintiffs propose to send to all other Plaintiffs in this case notifying them of the settlement reached by the parties and explaining the procedures associated with that settlement.

The grounds for this Joint Motion are the following:

1.　　On July 19, 2007, Plaintiffs on behalf of themselves and similarly situated individuals, filed the Complaint in this action. Plaintiffs asserted violations of the Connecticut

Minimum Wage and the Fair Labor Standards Act based on Hanover's failure to pay them overtime based on its allegedly improper classification of them and other similarly situated individuals as exempt employees. Plaintiff sought to represent such individuals in a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Hanover denied that Plaintiffs were improperly classified as exempt and denied any liability to Plaintiffs.

2. Following the filing of their Complaint, the parties engaged in discovery, including the exchange of documents and the depositions of the two lead plaintiffs. The parties filed a joint motion to certify the case as a collective action and, on or about November 14, 2007, the Court granted that motion. Subsequently, notices were sent to approximately 139 putative class members, informing them of this action and inviting them to join. Of those, forty one (41) persons joined the litigation, making the total number of plaintiffs forty three (43). Of those, five (5) had left Hanover more than 3 years prior to the date they joined the lawsuit and they have been excluded from the class. They have been personally called and a letter has been sent to each one indicating their non-participation in this action. A withdrawal of their claims has been filed with the court.

3. The parties subsequently engaged in settlement discussions. These discussions included two conferences with Magistrate Judge Fitzsimmons, several teleconferences between counsel for the parties and a day-long mediation in Boston, Massachusetts. At this mediation, it was agreed that Hanover would pay $1,000,000 in full and final settlement of all claims, including those of the lead plaintiffs, the class members and the attorneys.

4. Following negotiations, the parties finalized and memorialized this agreement in a Confidential Settlement Agreement and General Release, which the parties agree to execute upon approval by this Court. This Agreement is attached to this Joint Motion as Exhibit 1.

5.  All parties represent to the Court that the agreement embodied in the Settlement Agreement was reached through good-faith, arms-length negotiations. All parties further represent that the agreement constitutes a fair and equitable compromise of the class claims in this matter. More specifically, the parties represent the following:

   A.  The agreement provides that the class for purposes of 29 U.S.C. § 216(b), as defined by the Court in its Order dated November 14, 2007, includes, in addition to the lead plaintiffs, the individual plaintiffs who opted in to the class other than those five individuals who have been excluded.

   B.  The agreement provides that the Plaintiffs will receive a total payment of $1,000,000.00 (less applicable state and federal taxes) in settlement of their claims for back overtime, attorneys fees and costs.

   C.  The agreement provides that Plaintiffs' attorneys will receive, upon approval by the Court, attorneys' fees and costs equal to $200,000. Plaintiffs' counsel represents to the Court that this fee (which is included in the total settlement amount of $1,000,000) is reasonable in a case of this nature and that the amount of fees and costs is reasonable considering the efforts of Plaintiffs' counsel, their out-of-pocket expenses, the quality of their work, and the nature of the case. Defendant has no objection to the amount of this fee. This award of fees and costs constitutes a compromise of the actual fees and costs incurred by Plaintiffs' counsel. The original fee agreement between Plaintiffs and Counsel provided for a one-third (1/3) fee, which would have been $333,333.33. Plaintiffs' counsel have recently had a fee of 25% approved in a similar case. Neary v. Metropolitan Property and Casualty Co., 3: 06 cv 0536 (JBA).

D. The agreement provides that Plaintiff Lumia, as class representative, will receive an incentive payment of $20,000 (less applicable state and federal taxes), and Plaintiff Torino will receive an incentive payment in the amount of $10,000 (less applicable state and federal taxes) in addition to their share of the $1,000,000, as an incentive award for their efforts as class representatives. Lumia will receive more than Torino because he initiated this litigation and was involved earlier than Torino. Plaintiffs' counsel represents to the Court that a payment of this size to the class representative in a case of this nature is not unusual. They further represent that these payments to Plaintiffs are fair and equitable given Plaintiffs contribution to the litigation, which included frequent contact with counsel, review of documents, depositions, and attendance at two separate settlement conferences. Defendant has no objection to this payment.

E. Lumia will also receive an additional payment of $22,751.65 as an adjustment to his claim because he is a Connecticut resident, and, pursuant to his separate individual claim under the Connecticut Minimum Wage Act, had a stronger claim for additional damages because there is no Connecticut regulation similar to the Fluctuating Work Week regulation relied upon by Hanover in calculating damages in this case for the non-Connecticut class members. Torino will also receive an additional payment of $9,186.91 because he is a New York resident and pursuant to his separate individual claim under New York law, his limitations period is longer than the federal FLSA (six years as opposed to three). Defendant has no objection to these payments.

F. The remaining amount of $738,061.44 will be divided among the remaining Plaintiffs using a calculation that is based on (a) the number of weeks within the applicable statute of limitations period that each Plaintiff worked, (b) the salary that each Plaintiff earned during that period, and (c) the estimated number of hours believed to have been worked by each Plaintiff per week during that period. Plaintiffs' counsel has determined the amount to be paid to each Plaintiff and has provided that information to counsel for Hanover. In the judgment of Plaintiffs' counsel, the sum of money to be allocated to each Plaintiff under this calculation will represent a reasonable compromise of each Plaintiff's claim in this litigation. (a spreadsheet with the amounts received by each plaintiff is being filed under seal, in order to protect the confidentiality of the individual plaintiffs, simultaneous with the filing of this Joint Motion).

G. The agreement further provides that, by entering into this settlement, Hanover makes no admission of liability and, in fact, continues to deny liability. The Stipulation of Settlement does not constitute, and is not deemed to constitute, an admission by Hanover of any wrongful action or violation of any federal, state, or local statute, regulation, or common law right.

6. A settlement reached in cases involving claims under the Fair Labor Standards Act must be approved either by the United States Department of Labor or the appropriate United States District Court.

7. Accordingly, the parties seek to initiate the process whereby the Court will review the Settlement Agreement and, if the Court finds it in the interests of justice to do so, grant final approval of the settlement. More specifically, the parties propose the following process:

A.  The Court is requested to grant approval of the Confidential Settlement Agreement and General Release.

B.  The Court is requested to authorize Plaintiffs' counsel to send notice of the proposed settlement to each Plaintiff in this case (excluding the class representatives Lumia and Torino) within five (5) days after this Court's preliminary approval of the Settlement Agreement and the proposed Notice to Class Members advising them of the settlement and giving them the opportunity to ask questions of Plaintiffs' counsel regarding the settlement and/or return a Release of Claims to Plaintiff's counsel. A copy of the proposed Notice to Class Members is attached to the Joint Motion as Exhibit 2.

C.  If the Court grants approval of the settlement, all Plaintiffs in this action who return a signed Release will be bound by all terms of the Settlement Agreement including the Release provision. Within thirty (30) days of the Effective Date as defined in the Settlement Agreement, Hanover will send to each plaintiff checks as indicated herein and will send to Plaintiffs' counsel a check for attorneys' fees as indicated.

8.  The procedures proposed in Paragraph 7 above are fair, equitable, and consistent with the statements made to the Plaintiffs in this litigation. It will provide a mechanism whereby both parties can fully resolve this matter on mutually satisfactory terms without the expense and uncertainty of a trial.

WHEREFORE, for the reasons set forth above, the parties jointly ask that this Court grant preliminary approval of the Stipulation of Settlement reached by the parties and that it approve the proposed Notice to Class Members.

23261652\V-1

THE PLAINTIFFS,
Jeffrey Lumia and Joseph Torino,

By ___/s/ Richard E. Hayber___
    Richard E. Hayber (ct11629)
    Hayber Law Firm LLC
    221 Main Street, Suite 400
    Hartford, CT 06106
    Tel: (860) 522-8888
    Fax: (860) 240-7945
    rhayber@hayberlawfirm.com

THE DEFENDANT,
The Hanover Insurance Group, Inc..

By ___/s/ Roger K. Heidenreich___
    Roger K Heidenreich
    Sonnenschein, Nath & Rosenthal's
    One Metropolitan Square
    Suite 3000
    St. Louis Missouri 63102
    Ph.: (314) 259-5805
    F: (314) 259-5959
    E: rheidenreic@sonnenschein.com

    Pamela J. Moore (ct 08671)
    McCarter & English, LLP
    City Place I
    185 Asylum Street
    Hartford CT 06103
    Ph.: (860) 275-6714
    F.: (860) 724-3397
    pmoore@mccarter.com

## CERTIFICATION

I hereby certify that on December 22, 2008, a copy of the foregoing Joint Motion for Approval of Stipulation of Settlement and Approval of Notice was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Richard E Hayber*
Richard E. Hayber