**Exhibit 1**

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by Jeffrey Lumia and Joseph Torino ("Named Plaintiffs"), as well as Paul Thomas, Samuel Gledhill, Kenneth Lapierre, Earl Hotaling, James Shaffer, Vincent Cannariato, Mark Gentile, Theodore Stratton, Dean Showerman, John Zier, Philip Mericlo, Cordie Lee Dorman III, Denis St. Laurent, James Holt, Jr., Stephen Catalano, Paul Cimbron, Paul Larue, Rick Brier, Kenneth Kincaid, Richard Costanzo, Paul Grammatico, Brian Arnold, Kenneth Weirich, Russell Ross, Joseph Esposito, Robert Nichols, Jr., Joseph Lyons, Luis Rebelo, Charles Owens, Charles Francoeur, Paul Tecza, Michael Ouellette, Wilbur O'Rourke, Thomas Martin, Lewis Reitman, and Sal Mastriani ("Opt-In Plaintiffs," and collectively with Named Plaintiffs, "Employees"), on the one hand, and Hanover Insurance Group, Inc. ("Defendant"), on the other.

WHEREAS, on July 19, 2007, in a case styled Lumia v. Hanover Ins. Group, Inc., 3:07-cv-01094-AHN, United States District Court for the District of Connecticut, the Named Plaintiffs sued Defendant under the Fair Labor Standards Act of 1938, as amended ("FLSA"), for the alleged failure to pay certain overtime amounts (the "Lawsuit"). In addition to suing on their own behalf, the Named Plaintiffs sought to represent other, allegedly similarly situated Auto Material Damage Field Appraisers and Field Reinspectors who worked for Defendant from July 17, 2004 through the present. Following the filing of the Named Plaintiffs' Amended Complaint, forty one (41) individuals filed opt-in consent forms with the Court. Five (5) have withdrawn since their claims predated the period of this action. As such, there are Thirty Six (36) Opt-In Plaintiffs and two (2) representative plaintiffs;

WHEREAS, as of the date of this Agreement, Anthony J. Pantuso, III of the Pantuso Law Firm LLC and Richard Hayber of the Hayber Law Firm LLC ("Plaintiffs' Attorneys") have represented that they have incurred attorneys' fees and costs in the investigation and prosecution of this Lawsuit; AND

WHEREAS, the parties desire to settle fully and finally all differences between them, including, but in no way limited to, any differences embodied in or related to the Lawsuit.

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      Consideration to Employees. Within thirty (30) days after the Effective Date, Defendant shall provide Employees and Plaintiffs' Attorneys a total payment of one million dollars ($1,000,000) in satisfaction of all claims including attorneys' fees. Payments to individual Employees shall be based upon the respective amounts ("Gross Payment Amounts") listed in a schedule to be provided by Plaintiffs' Attorneys after the Court's approval of this Agreement, less applicable taxes and withholdings as required by federal, state, and local law as specified later in this Paragraph (the "Payment Schedule").

(a)      Tax Treatment of Gross Payment Amounts. The Gross Payment Amounts listed in the Payment Schedule shall be reported as wages for the respective Employees to the United States Internal Revenue Service and to other appropriate taxing authorities

("Taxing Authority" or "Taxing Authorities") on a Form W-2 and shall be subject to deductions for applicable taxes and withholdings.

(b)    <u>Payments Discharge All Defendant's Obligations.</u>    The payments described above shall be in lieu of and discharge any obligations of Defendant for lost compensation, lost wages, lost benefits, pain and suffering, compensatory damages, liquidated damages, punitive damages, attorneys' fees, costs, injunctive or other remedial relief, or any other expectation of remuneration or benefit on the part of Employees.

(c)    <u>Information Reporting Issues.</u>    If Defendant determines in good faith in the exercise of Defendant's sole business judgment that, with respect to any payment made under this Agreement, Defendant is required to file any information with any Taxing Authority, other than as described in Paragraphs 1(a) and (2), then Defendant may do so. It is understood and agreed between and among the parties, however, that Plaintiffs' Attorneys and Employees have no responsibility for or involvement in any such independent business judgment. Defendant also acknowledges that Plaintiffs' Attorneys and Employees maintain and reserve any right they may have to dispute with any Taxing Authority any tax or other liability.

2.    <u>Payment to Plaintiffs' Attorneys.</u>    As provided in Paragraph 1, within thirty (30) days after the Effective Date, Defendant shall provide Employees and Plaintiffs' Attorneys a total payment of one million dollars ($1,000,000) in satisfaction of all claims including attorney's fees. Plaintiffs' Attorneys shall receive attorneys' fees from this one million dollar payment in the amount approved by the Court. Counsel are seeking a twenty percent (20%) fee or $200,000. The fees paid to each Plaintiffs' Attorney shall be reported to the Taxing Authorities on a Form 1099 under the respective Plaintiffs' Attorney's federal taxpayer identification numbers.

3.    <u>Court Approval.</u>    The parties will submit this settlement to the Court for approval. The Plaintiffs' Attorneys will send notice in the form attached as **Exhibit A** along with a copy of this Agreement to the Employees within five (5) days after such approval. All signed Agreements must be returned to Plaintiffs' counsel and post marked no later than thirty five (35) days after mailing.

4.    <u>Non-Admission of Liability.</u>    This Agreement shall not in any way be construed as an admission by Defendant that it has acted wrongfully with respect to Employees collectively or individually or any other person, or that those individuals have any rights whatsoever against Defendant, and Defendant specifically disclaims any liability to or wrongful acts against any Employees or other person, on the part of Defendant and/or each of its respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under, or in concert with any of then, including any party that was or could have been named as a defendant in the Lawsuit. Furthermore, the parties agree that this Agreement does not constitute an adjudication of the merits of this Lawsuit or any other matters released in this Agreement, nor is this Agreement based on the merits of the case. Accordingly, the parties agree that none of them has prevailed on the merits nor shall this Agreement serve or be construed as evidence that any party has so prevailed.

5.    Order of Dismissal with Prejudice. By executing this Agreement, Employees instruct Plaintiffs' Attorneys to dismiss the Lawsuit with prejudice. Upon the Court's approval of this Agreement, counsel for Employees and counsel for Defendant shall present to the Court for signature and filing the Order of Dismissal with Prejudice in the form attached hereto as **Exhibit B**. Counsel for Employees and counsel for Defendant shall also cooperate and take all necessary steps to arrange for the review referred to in the attached Order of Dismissal with Prejudice.

6.    No Other Claims. Employees represent that, other than in connection with the previously mentioned Lawsuit, Employees have not filed any complaints, grievances, charges, or lawsuits against Defendant, any of its employees, or any other Releasees, as defined below in Paragraph 7(b), with any other governmental agency or court.

7.    Release.

(a)    Release of Claims for Fees and Costs. As an inducement to Defendant to enter into this Agreement, Plaintiffs' Attorneys hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs associated with Plaintiffs' Attorneys' representation of Employees in connection with the Lawsuit. Plaintiffs' Attorneys further understand and agree that the fee payments made under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs associated with Plaintiffs' Attorneys' representation of these individuals in connection with the Lawsuit.

(b)    Complete Release and Covenant Not To Sue. As a material inducement to Defendant to enter into this Agreement, Employees hereby irrevocably and unconditionally release, acquit, and forever discharge Defendant, each of its respective owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons acting by, through, under, or in concert with any of then, including, but not limited to, any party that was or could have been named as a defendant in the Lawsuit (collectively "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, which Employees now have, own, hold, or claim to have, own, or hold, or which Employees at any time heretofore had, owned, or held, or claimed to have had, owned, or held, concerning any of the events occurring prior to the date of execution of this Agreement (collectively, "Claim" or "Claims"), including, but not limited to, those arising out of the operations or practices of Defendant, the terms and conditions of their employment, the termination (if applicable) of their employment with Defendant, alleged nonpayment or underpayment of overtime pay or other wages, violations of any contract, express or implied, or any covenant of good faith and fair dealing, express or implied, any tort or any federal, state, or other governmental statute, regulation, or ordinance.

Employees understand and acknowledge that the Claims that they are releasing include, but are not limited to, claims for unlawful discharge, claims alleging a violation of federal

23262236\V-2

and state wage and hour laws, Title VII of the Civil Rights Act, as amended, the Age Discrimination in Employment Act of 1967, as amended, Section 1981 of the Civil Rights Act of 1991, The Americans with Disabilities Act, The Equal Pay Act, The Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, federal and state whistle blower laws and other claims pursuant to federal, state or local law regarding discrimination based on race, age, sex, religion, marital status, disability, sexual orientation, genetic information, national origin or regarding retaliation, claims for alleged violation of any other local, state, and federal law, regulations, ordinance or public policy having any bearing whatsoever on the terms or conditions of their employment with Defendant, the termination (if applicable) of such employment, as well as all claims pursuant to common law, or claims arising directly or indirectly out of their employment by or separation from employment with Defendant. Employees further agree to release and discharge the Releasees not only from any and all claims which they could have made on their own behalf but also from those which may or could be brought by any person, governmental authority or organization and they waive any right to become, and promise not to become, a member of any class in any proceeding or case in which a claim against the Releasees arises, in whole or in part, from any event which occurred on or prior to the date of this Agreement. THIS MEANS THAT, BY SIGNING THIS AGREEMENT, EMPLOYEES HAVE WAIVED ANY RIGHTS EMPLOYEES MAY HAVE OR HAD TO BRING A LAWSUIT OR MAKE A CLAIM AGAINST THE RELEASEES BASED ON ANY ACTS OR OMISSIONS TAKEN BY DEFENDANT UP TO THE DATE OF THE SIGNING OF THIS AGREEMENT.

As further material inducement to Defendant to enter into this Agreement, Employees also covenant and agree that Employees will never sue, make any complaint or claim, or assert any action against Defendant or Releasees with respect to any Claim or Claims. Should Employees breach this Paragraph Defendant and/or Releasees shall, in addition to the relief specified in Paragraph 10, be entitled to recover reasonable attorneys' fees and costs incurred in defending against any matter filed in breach of this Paragraph and in pursuing legal remedies as a result of said breach. The provisions of this Paragraph shall not, however, limit Employees from filing a lawsuit for the sole purpose of enforcing Employees' rights under this Agreement.

Notwithstanding the foregoing, nothing in this Agreement shall preclude Employees from (a) filing a charge or complaint with the Equal Employment Opportunity Commission, (b) participating in any manner in an investigation, hearing or proceeding conducted by the Equal Employment Opportunity Commission or state civil rights agency, or (c) exercising their rights under COBRA, but Employees hereby waive any and all rights to recover under, or by virtue of, any such charge, complaint, investigation, hearing or proceeding.

      8.    Period of Review.  Defendant advises Employees to consult with an attorney before signing this Agreement, and has provided them with twenty-one (21) days to review and consider this Agreement. Employees acknowledge and agree that they have been given a reasonable period of time within which to consider this Agreement, up to and including 21 days. If any Employee fails to return and post mark this Agreement within thirty-five (35) days of mailing, Defendant will consider them to have rejected its offer of the payment and benefits provided herein. Employees also represent that they have read carefully and fully understand the

- 4 -

terms of this Agreement, and that they have had the opportunity to consult with an attorney, and that they have been advised by Defendant to consult with an attorney, prior to signing this Agreement. Employees acknowledge that any changes to this Agreement, material or otherwise, will not restart the 21-day review period. Employees agree and understand that they may accept and sign this Agreement prior to the expiration of the 21-day review period, provided their acceptance is knowing and voluntary. Employees further acknowledge that they are executing this Agreement voluntarily and knowingly, and that notwithstanding their voluntary and knowing execution, they may revoke their consent to this Agreement at any time within seven (7) days of the date of its execution. The Agreement shall not become effective until this 7-day period has expired. Whether Employees sign this Agreement at or prior to the expiration of the 21-day review period, the 7-day revocation period may not be shortened or waived. Defendant shall have no obligation to pay any Employee until the eighth (8th) day after an Employee signs the Agreement. If an Employee does not notify Defendant in writing, within the 7-day revocation period that they are exercising their right of revocation, the Agreement automatically will become effective.

     9.    <u>Confidentiality and Non-Cooperation.</u>

     (a)    <u>Confidentiality-Plaintiffs' Attorneys.</u>  Plaintiffs' Attorneys recognize and acknowledge Defendant's interest in the confidentiality of this Agreement. As an inducement for Defendant to enter into this Agreement, Plaintiffs' Attorneys agree not to disclose the existence, terms, negotiations regarding, or amount of payments under this Agreement to any person or organization other than Employees. Plaintiffs' Attorneys further recognize and acknowledge Defendant's interest in the confidentiality of documents that have been designated "confidential" in connection with this Lawsuit. All such documents, along with all copies thereof including any copy provided to any consultant and/or service provider, shall be returned to counsel for Defendants within thirty (30) days of the Effective Date. Further, confidential documents, and the information contained therein, shall be maintained in confidence; shall be used solely for the purposes of this suit; and shall not be otherwise disclosed or used.

     (b)    <u>Confidentiality-Employees.</u>  Employees recognize and acknowledge Defendant's interest in the confidentiality of this Agreement. As an inducement for Defendant to enter into this Agreement, Employees agree, other than as may be required by subpoena or court order not to disclose the settlement amount received by any individual Employee pursuant to this Agreement at any time. For purposes of disclosure under this Paragraph, the phrase "third party or entity" does not include an Employee's spouse or tax preparer, provided that the Employee holds that individual to the same terms of confidentiality as apply to the Employee and that the Employee accepts responsibility for any liquidated damages associated with any breach of confidentiality by such person.

     (c)    <u>Non-Cooperation With Third Parties.</u>  As an inducement for Defendant to enter into this Agreement, Employees further agree, other than as may be required by a subpoena or court order: (i) not to assist or cooperate with any third party or entity (other than a governmental agency) in any complaint, claim, demand, cause of action, charge, or lawsuit of any kind whatsoever against Releasees relating to the allegations in the Lawsuit, (ii) not to encourage any other parties or attorneys to commence a claim or

proceeding against Releasees, and (iii) not to refer any current or former employee of Releasees considering a claim or claims to an attorney.

(d)    Notice. If Plaintiffs' Attorneys and/or Employees receive a court order or subpoena that may require action otherwise prohibited by the terms of this Paragraph 8, Plaintiffs' Attorneys and/or Employees agree to provide immediate notice in writing of such order or subpoena to counsel for Defendant at the address below, if requested, and to assist Defendant in responding to the subpoena or seeking an appropriate protective order: Roger K. Heidenreich, Esq., Sonnenschein Nath & Rosenthal LLP, One Metropolitan Square, Suite 3000, St. Louis, Missouri 63102

(e)    Breach. In the event that Defendant takes steps to seek relief from an alleged breach of this Paragraph 9, all of the remaining provisions of this Agreement shall remain in full force and effect.

10.    Liquidated Damages for Breach. In the event of a breach by an Employee of the covenant not to sue in Paragraph 7(b) or of a breach by an Employee by his or her spouse or tax preparer of any of the terms of Paragraph 9, Employees agree that Defendant shall be entitled to liquidated damages in the amount of one-half of Employee's Gross Payment Amount, up to a maximum amount of ten thousand dollars ($10,000.00).

11.    Consultation with Counsel. Employees represent and agree that Employees fully understand Employees' rights to discuss all aspects of this Agreement with Employees' attorneys, that to the extent, if any, Employees desire, Employees have availed themselves of this right, that Employees have carefully read and fully understand all of the provisions of this Agreement, and that Employees are voluntarily entering into this Agreement.

12.    Representation Regarding Opt-In Filings. Plaintiffs' Attorneys represent and warrant that, to the best of their knowledge, the Employees include all individuals who have signed, filed, or had filed for them consents to opt in to the Lawsuit. Plaintiffs' Attorneys recognize and acknowledge that this Agreement is contingent upon execution of this Agreement by all Opt-In Plaintiffs.

13.    Effective Date. For purposes of triggering the payment under Paragraphs 1 and 2 of this Agreement, the Effective Date shall be defined as the day after all of the following events, each of which is a material condition of this Agreement, occur: (a) each and every individual Employee, or one of the Named Plaintiffs as his or her authorized representative, executes this Agreement, (b) the Court approves the fairness and reasonableness of the settlement as to all Employees after a review of this Agreement, and (c) the Court enters the Order of Dismissal with Prejudice in a form not materially different from that attached hereto as **Exhibit B**.

14.    Employees Who Do Not Consent. If less than all the Employees execute this Agreement or timely revoke their consent to this Agreement, the Defendant may, in its sole discretion, waive the requirement of paragraph 13(a). In the event Defendant waives this requirement, Defendant shall have no obligation to pay any amount(s) listed in the Payment Schedule for such Employees who did not consent to this Agreement, and the amount of fees paid to Plaintiffs' Attorneys shall be reduced proportionately.

23262236\V-2

15.    Governing Law.  This Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Connecticut.

16.    Assignments.  Plaintiffs' Attorneys hereby warrant and represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim relating to this Lawsuit, or any portion thereof or interest therein, including, but not limited to, any interest in the Lawsuit.

17.    Ownership of Claims.  Employees hereby warrant and represent that Employees own all Claims that are subject to this Agreement, including any and all claims arising from the Lawsuit, which is pending in the United States District Court for the District of Connecticut, and that Employees and Named Plaintiffs have the sole and exclusive right to settle and compromise such claims.

18.    No Representations.  Plaintiffs' Attorneys and Employees represent and acknowledge that, in executing this Agreement, they have not relied upon any representation or statement not set forth herein made by the Defendant or by any of Defendant's agents, representatives, or attorneys.

19.    Binding Agreement.  This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, attorneys, executors, predecessors, successors, and assigns, and shall inure to the benefit of Releasees and to its and their respective representatives, predecessors, successors, and assigns.

20.    Severability.  Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

21.    No Waiver.  The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of the right thereafter to enforce each and every term and condition of this Agreement.

22.    Sole and Entire Agreement.  This Agreement sets forth the entire agreement regarding the subject matter hereof between the parties hereto and fully supersedes any and all prior oral and written agreements and understandings between the parties hereto pertaining to the subject matter hereof.  This Agreement may only be modified in writing.

23.    Counterparts.  This Agreement may be executed in counterparts, each of which counterpart shall be deemed an original, and all such counterparts shall constitute one and the same instrument.

23262236\V-2

Agreed to on behalf of Plaintiffs' Attorneys:

Date: 12-22-08

Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT  06106

- 8 -

Agreed to on behalf of Hanover Insurance Group, Inc.

Date: 12·18 08

Jennifer L. Lauro
Vice President & Group Counsel
Office of the General Counsel
The Hanover Insurance Group, Inc.

2326235\V-2

- 9 -

Agreed to on behalf of Jeffrey Lumia:

Date: 12/22/08

Jeffrey Lumia

- 10 -

Agreed to on behalf of Joseph Torino:

Date: _12/19/08_

Joseph Torino

- 11 -

22262226V 2

Agreed to on behalf of Paul Thomas:

_____   Date: _____
Paul Thomas

23262236\V-2

Agreed to on behalf of Samuel Gledhill:

_____Date:_____

Samuel Gledhill

Agreed to on behalf of Kenneth Lapierre:

_____ Date: _____
Kenneth Lapierre

23262236\V-2

Agreed to on behalf of Earl Hotaling:

_____  Date:_____

Earl Hotaling

Agreed to on behalf of James Shaffer:

_____ Date: _____
James Shaffer

Agreed to on behalf of Vincent Cannariato:

_____   Date: _____
Vincent Cannariato

Agreed to on behalf of Mark Gentile:

_____   Date: _____
Mark Gentile

Agreed to on behalf of Theodore Stratton:

_____   Date:_____
Theodore Stratton

23262236\V-2

Agreed to on behalf of Dean Showerman:

_____ Date: _____

Dean Showerman

Agreed to on behalf of John Zier:

_____ Date: _____
John Zier

Agreed to on behalf of Philip Mericlo:

_____   Date: _____

Philip Mericlo

23262236\V-2

Agreed to on behalf of Cordie Lee Dorman, III:

_____Date:_____

Cordie Lee Dorman, III

23262236\V-2

Agreed to on behalf of Denis St. Laurent:

_____ Date: _____
Denis St. Laurent

Agreed to on behalf of James Holt, Jr.:

_____ Date: _____

James Holt, Jr.

Agreed to on behalf of Stephen Catalano:

_____   Date: _____
Stephen Catalano

Agreed to on behalf of Paul Cimbron:

_____Date:_____

Paul Cimbron

Agreed to on behalf of Paul Larue:

_____    Date: _____

Paul Larue

Agreed to on behalf of Rick Brier:

_____ Date: _____

Rick Brier

Agreed to on behalf of Kenneth Kincaid:

_____          Date: _____

Kenneth Kincaid

23262236\V-2

Agreed to on behalf of Richard Costanzo:

_____ Date: _____
Richard Costanzo

Agreed to on behalf of Paul Grammatico:

_____     Date: _____
Paul Grammatico

Agreed to on behalf of Brian Arnold:

_____ Date: _____

Brian Arnold

23262236\V-2

Agreed to on behalf of Kenneth Weirich:

_____ Date: _____

Kenneth Weirich

23262236\V-2

Agreed to on behalf of Russell Ross:

Date:

_____

Russell Ross

23262236\V-2

Agreed to on behalf of Joseph Esposito:

_____     Date:_____
Joseph Esposito

Agreed to on behalf of Robert Nichols, Jr.:

_____     Date: _____

Robert Nichols, Jr.

Agreed to on behalf of Joseph Lyons:

_____   Date: _____

Joseph Lyons

Agreed to on behalf of Luis Rebelo:

_____ Date: _____

Luis Rebelo

Agreed to on behalf of Charles Owens:

_____ Date: _____

Charles Owens

23262236\V-2

Agreed to on behalf of Charles Francoeur:

_____ Date:_____

Charles Francoeur

Agreed to on behalf of Paul Tecza:

_____  Date: _____
Paul Tecza

23262236\V-2

Agreed to on behalf of Michael Ouellette:

_____Date:_____

Michael Ouellette

Agreed to on behalf of Wilbur O'Rourke:

_____   Date: _____
Wilbur O'Rourke

Agreed to on behalf of Thomas Martin:

_____   Date: _____
Thomas Martin

Agreed to on behalf of Lewis Reitman:

_____ Date: _____
Lewis Reitman

Agreed to on behalf of Sal Mastriani:

_____ Date: _____

Sal Mastriani

# EXHIBIT A

ORIGINAL UN-REDACTED FILED UNDER SEAL

REDACTED EXHIBIT A

| Name | Total Payment |
|---|---|
| Brian Arnold | $ |
| Rick Brier | $ |
| Vincent Cannariato | $ |
| Stephen Catalano* | $ |
| Paul Cimbron* | $ |
| Richard Costanzo | $ |
| Cordie Lee Dorman | $ |
| Joseph Esposito | $ |
| Charles Francoeur | $ |
| Mark Gentile | $ |
| Samuel Gledhill | $ |
| Paul Grammatico | $ |
| James Hoit | $ |
| Earl Hotaling | $ |
| Kenneth Kincaid | $ |
| Kenneth LaPierre | $ |
| Paul LaRue | $ |
| Joseph Lyons | $ |
| Jeffrey Lumia | $ |
| Thomas Martin | $ |
| Salvatore Mastriani | $ |
| Philip Mericle | $ |
| Robert Nichols | $ |
| Wilbur O'Rourke | $ |
| Michael Ouellette* | $ |
| Charles Owens | $ |
| Luis Rebelo | $ |
| Lewis Reitman | $ |
| Russell Ross | $ |
| James Shaffer | $ |
| Dean Showerman | $ |
| Denis St. Laurent | $ |
| Theodore Stratton | $ |
| Paul Tecza | $ |
| Paul Thomas | $ |
| Joseph Torino | $ |
| Kenneth Weirich | $ |
| John Zier | $ |

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY LUMIA and JOSEPH TORINO,<br>individually and on behalf of<br>other similarly situated individuals | ) ) ) ) | |
| Plaintiffs | ) ) | Civil Action No: |
| v. | ) ) | 3:07-CV-01094 (AHN) |
| THE HANOVER INSURANCE GROUP, INC. | ) ) | |
| Defendant. | ) ) ) | |

**ORDER OF DISMISSAL WITH PREJUDICE**

After a review of the Confidential Settlement Agreement and General Release presented by the parties, the Court determines that the terms of the settlement of this litigation are fair and reasonable, including the amounts paid to the Named Plaintiffs and the Opt-In Plaintiffs, as well as the fees paid to Plaintiffs' attorneys. Accordingly, the Court approves the settlement and hereby DISMISSES WITH PREJUDICE any and all claims that were or could have been raised in the above-styled lawsuit by the Named Plaintiffs and Opt-In Plaintiffs.

SO ORDERED this _____ day of _____, 20___

_____

23262236\V-2